```
_____ FILED     _____ ENTERED
_____ LODGED    _____ RECEIVED
```

SEP 1 0 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Judge Robert S. Lasnik

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOEL EDWIN KURZYNSKI<br><br>Defendant. | NO. CR18-203RSL<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, Francis Franze-Nakamura, Assistant United States Attorney for said District, and Frank Lin, Trial Attorney, Computer Crime and Intellectual Property Section of the United States Department of Justice Criminal Division, and Joel Edwin Kurzynski and his attorney, Robert Rhodes, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.    **Waiver of Indictment**.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States in an Information.

PLEA AGREEMENT/Kurzynski - 1
(CR18-203RSL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.     **Cyberstalking**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Information.

a.     Cyberstalking, as charged in Counts 1 and 2, in violation of Title 18, United States Code, Section 2261A(2)(B).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty pleas, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.     **Elements of the Offense**. The elements of Cyberstalking, as charged in Counts 1 and 2, in violation of Title 18, United States Code, Section 2261A(2)(B), and to which Defendant is pleading guilty are as follows:

a.     **First**, the defendant used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce;

b.     **Second**, the defendant did so to engage in a course of conduct that caused substantial emotional distress to another person;

c.     **Third**, the defendant did so with the intent to harass or intimidate that person.

4.     **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which he is pleading guilty are as follows:

a.     For the offense of Cyberstalking, as charged in Counts 1 and 2: A maximum term of imprisonment of up to 5 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100 dollars per count. If a probationary sentence is imposed, the probation period can be for up to 5 years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

PLEA AGREEMENT/Kurzynski - 2
(CR18-203RSL)

1    Defendant understands that supervised release is a period of time following
2  imprisonment during which he will be subject to certain restrictive conditions and
3  requirements.  Defendant further understands that if supervised release is imposed and he
4  violates one or more of the conditions or requirements, Defendant could be returned to
5  prison for all or part of the term of supervised release that was originally imposed.  This
6  could result in Defendant's serving a total term of imprisonment greater than the statutory
7  maximum stated above.

8    Defendant understands that as a part of any sentence, in addition to any term of
9  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
10 restitution to any victim of the offense, as required by law.

11    Defendant further understands that a consequence of pleading guilty may include
12 the forfeiture of certain property either as a part of the sentence imposed by the Court, or
13 as a result of civil judicial or administrative process.

14    Defendant agrees that any monetary penalty the Court imposes, including the
15 special assessment, fine, costs, or restitution, is due and payable immediately and further
16 agrees to submit a completed Financial Statement of Debtor form as requested by the
17 United States.

18    5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by
19 pleading guilty, he knowingly and voluntarily waives the following rights:

20           a.    The right to plead not guilty and to persist in a plea of not guilty;
21           b.    The right to a speedy and public trial before a jury of his peers;
22           c.    The right to the effective assistance of counsel at trial, including, if
23                 Defendant could not afford an attorney, the right to have the Court
24                 appoint one for him;
25           d.    The right to be presumed innocent until guilt has been established
26                 beyond a reasonable doubt at trial;
27
28 PLEA AGREEMENT/Kurzynski - 3
   (CR18-203RSL)

e.   The right to confront and cross-examine witnesses against Defendant at trial;

f.   The right to compel or subpoena witnesses to appear on his behalf at trial;

g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.   The right to appeal a finding of guilt or any pretrial rulings.

6.   **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.   **Restitution.** Defendant shall submit restitution to the victims in the amount determined by the Court, with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

8.   **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offense or offenses:

a.   Starting on or about March 16, 2017, and continuing until on or about February 8, 2018, in the Western District of Washington, the Defendant, Joel Edwin Kurzynski, used electronic communication services to engage in courses of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to Victim 1 and Victim 2. The Defendant also sent harassing messages to Victim 3 and Victim 4. Collectively, the Defendant was responsible for over a thousand text messages, spam and hang-up calls at all hours of the night, resetting passwords to social media profiles and online accounts, and posting fake dating profiles created using Victim 1 and Victim 2's names that solicited sadomasochistic or unlawful relationships, and death threats.

PLEA AGREEMENT/Kurzynski - 4
(CR18-203RSL)

*Course of Conduct against Victim 1*

b.          Beginning in March 2017, the Defendant began orchestrating numerous spam phone calls to Victim 1. For example, between on or about March 17 and 18, 2017, Victim 1 received five spam phone calls from multiple numbers. Similarly, on or about July 7, 2017, Victim 1 received ten spam calls between the hours of 1:08AM and 2:30AM, several of which appeared as coming from "No Caller ID."

c.          Between on or about March 27, 2017, and October 17, 2017, the Defendant also attempted to reset the passwords of Victim 1's online accounts, triggering numerous password reset codes to be sent to Victim 1's devices.

d.          On or about October 14, 2017, the Defendant created a profile on the mobile dating application Scruff that publicly displayed a photo of Victim 1, his phone number, and a description indicating that Victim 1 "Love[s] phone and dirty texts. Everything is negotiable." On or about October 19, 2017, the Defendant created another profile on Scruff that again used a profile picture depicting Victim 1 and publicly displayed his phone number. The profile used the display name "PedoFan," stated that Victim 1 was interested in "sex and rape scenes. Incest, Young/pego [sic] fantasies super hot," claimed to be looking for "Dom[inant] guys into treating me like crap," and that Victim 1 was "super turned on by sext's and pics." The Defendant did not have authorization to create these accounts on behalf of Victim 1. As a result of these fraudulent profiles, Victim 1 received numerous solicitations seeking sexual encounters.

e.          On or about October 20, 2017, the Defendant posted a craigslist advertisement entitled, "Perv and incest fantasies – m4m (Seattle)." The text of the post stated, "Frat guy looking to experiment with some fantasies. Call or text me." The post publicly displayed Victim 1's phone number. The Defendant did not have authorization to post this advertisement on behalf of Victim 1. As a result of the advertisement, Victim 1 received numerous solicitations seeking sexual encounters.

PLEA AGREEMENT/Kurzynski - 5
(CR18-203RSL)

1            f.       On or about October 31, 2017, the Defendant sent Victim 1 a text

2 message asking, "Ready to Die?" Victim 1 subsequently changed his phone number.

3            g.      On or about February 7, 2018, the Defendant sent another death

4 threat to Victim 1's new phone number threatening, "faggot. Time to die."

5            h.      On or about February 7, 2018, the Defendant sent a series of threats

6 to Victim 1. The first message stated:

7      Reservation

8      Hello!

9      Please confirm for tomorrow.

10      _b

11 Shortly thereafter, the Defendant sent Victim 1 another text message:

12      [Victim 1's first name]!

13      This is [to] confirm the removal of your intestines by any means necessary.

14      We hope tonight works for you.

15      _b

16 The Defendant then sent Victim 1 the following message:

17      Hey there

18      Are you available to meet tonight?

19      Looking forward!

20      -B

21 Finally, the Defendant sent Victim 1 the following threat: "ready to die??????????"

22            i.       On or about February 8, 2018, the Defendant sent Victim 1 an email

23 purporting to be D.W. and identified himself as a "freelance journalist for the Associated

24 Press" who was collaborating on a story with the Seattle Times. D.W. is a real journalist

25 for the Associated Press. The email sought comment from Victim 1 on an upcoming story

26 that involved allegations of sexual misconduct against Victim 1 stemming from his

27 volunteer work at a camp that serves at-risk youth. The email went on to claim that

28 PLEA AGREEMENT/Kurzynski - 6

   (CR18-203RSL)

1  several parents from the camp have corroborated the accusations. The email was signed

2  with D.W.'s full name and included a link to the real D.W.'s Twitter account. The

3  Defendant fabricated the claims of child sexual misconduct against Victim 1 and did not

4  have authorization to send this email on behalf of D.W.

5          j.      While the Defendant was engaging in this course of conduct against

6  Victim 1, he was also harassing Victim 3 and Victim 4, who are both close friends with

7  Victim 1 and known by the Defendant. On or about January 31, 2018, the Defendant sent

8  Victim 3 and Victim 4 850 text messages each, stating, "This is a reminder." On or about

9  February 7, 2018, the Defendant sent Victim 3 750 text messages stating, "stupid cow[.]"

10  On or about February 10, 2018, the Defendant sent Victim 3 a text message calling her a

11  "cunt" and a "Fat ass whore[.]"

12          *Course of conduct against Victim 2*

13          k.      On or about October 31, 2017, the Defendant sent Victim 2 an email

14  stating, "Loose [sic] some weight. You're disgusting and no one likes walking past your

15  desk."

16          l.      Beginning on or about November 5, 2017, the Defendant registered

17  Victim 2 with numerous weight loss programs. This resulted in a wave of calls and

18  emails over the next few months from entities such as Seattle Weight Loss, Nutrisystem,

19  Weight Watchers, Swedish Medical Center's Surgical Weight Loss Seminar, John

20  Hopkins' weight loss program, Cedar Sinai Hospital's weight loss program, Herbalife,

21  Atkins, and Overeaters Anonymous. The Defendant also registered Victim 2 for

22  messages from organizations involved with depression and suicide, including the

23  Depression and Bipolar Support Alliance and the Yellow Ribbon Suicide Prevention

24  Program. Victim 2 did not solicit communications from any of these entities, nor did she

25  authorize the Defendant to do so on her behalf.

26          m.      On or about November 6, 2017, the Defendant sent Victim 2 an

27  email stating, "Last chance. You better sign up. We're all sick of looking at you. You're

28  PLEA AGREEMENT/Kurzynski - 7
   (CR18-203RSL)

1  disgusting you fat ass cow. Do us a favor and quit or just kill your self." Later that day,

2  the Defendant sent Victim 4 another email stating, "If we were to kill everybody who

3  hates you, it wouldn't be murder, it would be genocide!" and "Just kill your self, fat ass."

4          n.     On or about November 9, 2017, the Defendant sent Victim 2 an

5  email stating, "I'm going to stop by today and have a conversation with you ! [Victim 2's

6  work address] right?" The email also contained a link to an online list of suicide methods

7  and techniques.

8          o.     On or about November 13, 2017, the Defendant sent Victim 2 an

9  email threatening, "Looking forward to seeing you today and how much you bleed. Don't

10  go to the bathroom alone."

11          p.     On or about November 15, 2017, the Defendant sent Victim 2 an

12  email asking, "Ready to die today?"

13          q.     On November 28, 2017, the Defendant authored a draft craigslist

14  advertisement. The subject line of the advertisement read, "Fat pig wants gang rape

15  (casual encounters)." The substance of the message said, "I'm a fat cunt and I wanna to

16  get gangbanged by as many men as possible. I'll suck you're [sic] Dick." The

17  advertisement then listed Victim 2's real phone number. The draft was never published

18  on Craigslist but was sent to Victim 2's email account.

19          r.     On or about February 3, 2018, the Defendant sent over 1,100 text

20  messages to Victim 2 stating, "your reservation is confirmed."

21          s.     On or about February 5, 2018, the Defendant sent Victim 2 an email

22  containing another link to an online list of suicide methods and techniques.

23          t.     On or about February 5, 2018, the Defendant sent Victim 2 an email

24  threatening, "Ready to die, cunt? I want to see your insides. This will be you!" Attached

25  to the email was a photo of a dead woman with blood on her face.

26          u.     On or about February 6, 2018, the Defendant sent Victim 2 an email

27  stating, "Waiting in lobby for you. Baseball cap. See you soon?" Approximately five

28  PLEA AGREEMENT/Kurzynski - 8

   (CR18-203RSL)

1  minutes later, the Defendant sent another email stating "Hello [Victim 2's first name]—

2  I've been looking forward to seeing you and am in the lobby waiting. Wearing a baseball

3  cap. See you soon!"

4        The parties agree that the Court may consider for the purpose of sentencing

5  additional facts contained in the Presentence Report, subject to objections by the parties,

6  as well as any facts presented by either party at sentencing.

7        9.    **United States Sentencing Guidelines**. Defendant understands and

8  acknowledges that the Court must consider the sentencing range calculated under the

9  United States Sentencing Guidelines and possible departures under the Sentencing

10  Guidelines together with the other factors set forth in Title 18, United States Code,

11  Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

12  history and characteristics of the defendant; (3) the need for the sentence to reflect the

13  seriousness of the offense, to promote respect for the law, and to provide just punishment

14  for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

15  conduct; (5) the need for the sentence to protect the public from further crimes of the

16  defendant; (6) the need to provide the defendant with educational and vocational training,

17  medical care, or other correctional treatment in the most effective manner; (7) the kinds

18  of sentences available; (8) the need to provide restitution to victims; and (9) the need to

19  avoid unwarranted sentence disparity among defendants involved in similar conduct who

20  have similar records.  Accordingly, Defendant understands and acknowledges that:

21        a.    The Court will determine applicable Defendant's Sentencing

22  Guidelines range at the time of sentencing;

23        b.    After consideration of the Sentencing Guidelines and the factors in

24  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

25  maximum term authorized by law;

26        c.    The Court is not bound by any recommendation regarding the

27  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

28  PLEA AGREEMENT/Kurzynski - 9
    (CR18-203RSL)

1  range offered by the parties or the United States Probation Department, or by any
2  stipulations or agreements between the parties in this Plea Agreement; and

3          d.      Defendant may not withdraw his guilty pleas solely because of the
4  sentence imposed by the Court.

5          10.    **Abandonment.**  The defendant agrees to abandon all interest in the
6  electronic devices seized from his residence by the Seattle Police Department and the
7  United States Secret Service, and consents to the administrative forfeiture, official use,
8  and/or destruction of said devices.

9          11.    **Acceptance of Responsibility.**  At sentencing, *if* the district court
10  concludes Defendant qualifies for a downward adjustment acceptance for acceptance of
11  responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or
12  greater, the United States will make the motion necessary to permit the district court to
13  decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b),
14  because Defendant has assisted the United States by timely notifying the United States of
15  his intention to plead guilty, thereby permitting the United States to avoid preparing for
16  trial and permitting the Court to allocate its resources efficiently.

17          12.    **Sentencing Factors.**  The parties agree that the following Sentencing
18  Guidelines provisions apply to this case:

19          a.      A Base Offense Level of 18, pursuant to USSG § 2A6.2(a).
20          b.      A two-level increase pursuant to USSG § 2A6.2(b)(1)(E).
21          c.      A two-level increase pursuant to USSG §§ 3D1.1(a)(3) and
22  3D1.4(a).

23          The parties agree they are free to present arguments regarding the applicability of
24  all other provisions of the United States Sentencing Guidelines.  Defendant understands,
25  however, that at the time of sentencing, the Court is free to reject these stipulated
26  adjustments, and is further free to apply additional downward or upward adjustments in
27  determining Defendant's Sentencing Guidelines range.

28  PLEA AGREEMENT/Kurzynski - 10
    (CR18-203RSL)

13.    **United States' Sentencing Recommendation.**  As part of this Plea Agreement, the United States agrees to recommend a term of imprisonment of no more than the low end of the Guidelines range calculated by the Court.

14.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington and the Computer Crime and Intellectual Property Section of the United States Department of Justice Criminal Division agree not to prosecute Defendant for any additional offenses known to them as of the time of this Agreement that are based upon evidence in their possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office and the Computer Crime and Intellectual Property Section will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

PLEA AGREEMENT/Kurzynski - 11
(CR18-203RSL)

1   Defendant has waived any objection to the institution of any charges that were previously

2   dismissed or any additional charges that had not been prosecuted.

3           Defendant further understands that if, after the date of this Agreement, Defendant

4   should engage in illegal conduct, or conduct that violates any conditions of release or the

5   conditions of his confinement, (examples of which include, but are not limited to,

6   obstruction of justice, failure to appear for a court proceeding, criminal conduct while

7   pending sentencing, and false statements to law enforcement agents, the Pretrial Services

8   Officer, Probation Officer, or Court), the United States is free under this Agreement to

9   file additional charges against Defendant or to seek a sentence that takes such conduct

10  into consideration by requesting the Court to apply additional adjustments or

11  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

12  advisory Guidelines range, and/or by seeking an upward departure or variance from the

13  calculated advisory Guidelines range.  Under these circumstances, the United States is

14  free to seek such adjustments, enhancements, departures, and/or variances even if

15  otherwise precluded by the terms of the plea agreement.

16          16.     **Waiver of Appellate Rights and Rights to Collateral Attacks.**

17  Defendant acknowledges that by entering the guilty pleas required by this plea

18  agreement, Defendant waives all rights to appeal from his conviction and any pretrial

19  rulings of the court.  Defendant further agrees that, provided the court imposes a custodial

20  sentence that is within or below the Sentencing Guidelines range (or the statutory

21  mandatory minimum, if greater than the Guidelines range) as determined by the court at

22  the time of sentencing, Defendant waives to the full extent of the law:

23          a.      Any right conferred by Title 18, United States Code, Section 3742,

24  to challenge, on direct appeal, the sentence imposed by the court, including any fine,

25  restitution order, probation or supervised release conditions, or forfeiture order (if

26  applicable); and

27

28  PLEA AGREEMENT/Kurzynski - 12
    (CR18-203RSL)

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

18. **Statute of Limitations**.  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19. **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington and the Computer Crime and Intellectual Property Section of the United

PLEA AGREEMENT/Kurzynski - 13
(CR18-203RSL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   States Department of Justice Criminal Division.  It does not bind any other United States

2   Attorney's Office or any other office or agency of the United States, or any state or local

3   prosecutor.

4         Dated this 10th day of September, 2018.

5

6

7                                 JOEL EDWIN KURZYNSKI

8                                 Defendant

9

10

11                                 ROBERT RHODES

12                                 Attorney for Defendant

13

14

15                                 FRANCIS FRANZE-NAKAMURA

                                Assistant United States Attorney

16

17

18                                 FRANK LIN

19                                 Trial Attorney, Computer Crime and

20                                 Intellectual Property Section, Criminal Division

21

22

23

24

25

26

27

28

PLEA AGREEMENT/Kurzynski - 14

(CR18-203RSL)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970